UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING PEREZ,

Plaintiff,

-against-

UNITED STATES DISTRICT SOUTHERN MUNICIPAL COURT OF NEW YORK GOVERNMENT FEDERAL STATE'S TREASURY HUMAN RESOURCES DEBT DEFENDANT, ET AL.,

Defendants.

26-CV-4294 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff Irving Perez brings this action *pro se*. By separate order dated July 2, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the second amended complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**STANDARD OF REVIEW**

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

[1] Plaintiff filed the original complaint commencing this action on May 21, 2026. By order dated May 27, 2026, the Court directed Plaintiff to either pay the fees required to bring a civil action in this court or file an IFP application. (ECF 3.) On June 4, 2026, without the Court's direction, Plaintiff filed an amended complaint that also included an IFP application. (ECF 4.) On June 16, 2026, again without the direction of the Court, Plaintiff filed a second amended complaint. (ECF 8.) The second amended complaint is the operative pleading.

The court also must dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id*. at 475 (citation omitted).

**BACKGROUND**

Much of the second amended complaint, including the caption, consists of sentence fragments and is written without punctuation. As best as the Court can discern, Plaintiff appears to sue the following: (1) "United States District Southern Municipal Court of New York" (ECF 8, at 2); (2) "Government Federal State's Treasury" (*id.*); (3) "Human Resources Debt" (*id.*); (3) "Government Federal State's Local District Municipal Court Treasury Human Resources" (*id.*); (4) "Depart[]ment Of Homeless Services Human Resource" (*id.* at 3); (5) "Social Security Administration Human Resources" (*id.*); (6) "Section 8 Human Resources" (*id.*); (7) "Interstate transfare Human Resources" (*id.*); (8) "Pr[o] Se Attorneys Human Resources" (*id.*); (9) Legal Aid Society; and (10) Liakas Law Firm.[2]

Plaintiff states, in the middle of the case caption, "I Amend The Complaint Requesting 3030 speedy trial against the Defe[n]dant Debt for immediately summons disposition payments

---

[2] The Court quotes from the second amended complaint verbatim. All spelling, grammar, and punctuation are in the second amended complaint unless otherwise noted.

within 10 business day on the 18t[h] of June 2026 Physical Appearance For written notarized disposition from the Superior Majestic Judge United States Southern District Court of New York[.]" (*Id.* at 1-2.)

Plaintiff further alleges,

> Your honorable Judge. You failed A direct order from a civilian to protect and served The Complaint[ ]and Pay the Creditor Foor criminal investigation proceeding for civil suit rights On the government personnel employees all complaint go directly to the Chief D[is]tric[t] Attorneys Majestic Judge further investigation 48 months complaint lyissa Browntein Law Firm Human Resources Legal Ail Human Resources Department Of Education Human Resources Depart[]ment Of Correction Human Resources W[e]lfare Cash Assistance Nutritionnment Human Resources Rental Assistance Cityphep Human Resources.

(*Id.* at 3-4.)

Plaintiff requests that the Court "enter Judgment, without further notice to the Debtor United States of America Government Federal State's And Local District City Treasury, for the amount of $99^{9999999}$ (original Complaint Pros Se for) any payments made, interest and disbursements [] refers to written out disposition large-scale payout stamp from Superior Judge." (*Id.* at 6.)

Plaintiff continues "All Business transactions Are 100% TaxWrite Off Every deposit to any bank is 100% Tax Write Off Any purchase 100% Tax Write Off And restore the case to the calendar for trial. Immediately within 10 days f 18t[h] Of June 2026[.]" (*Id.* at 5-6.)

**DISCUSSION**

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 324-35. It is unclear who Plaintiff is suing, and, in any event, his allegations are incoherent. The Court is unable to identify (1) any factual allegations demonstrating a legal basis for his claims against any possible defendant, or (2) any legal theory on which Plaintiff may proceed under these circumstances. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the second amended complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *see, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint

cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses the second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action as frivolous.

SO ORDERED.

Dated: August 11, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge