UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING PEREZ,

Plaintiff,

-against-

UNITED STATES DISTRICT SOUTHERN MUNICIPAL COURT OF NEW YORK GOVERNMENT FEDERAL STATE'S TREASURY HUMAN RESOURCES DEBT DEFENDANT, ET AL.,

Defendants.

26-CV-4294 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated August 11, 2026, the Court dismissed the complaint as frivolous. (ECF 10.) The Clerk of Court entered judgment on August 17, 2026. (ECF 17.) On September 21, 2026, Plaintiff filed a document in which he appears to challenge the August 11, 2026 dismissal order.[1]

The Court liberally construes this submission as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings,"

[1] Plaintiff labels his submission as, "Appeal Stipulation Settlement And Affidavit Upon Default Judgments[ ]For Payment Notice For Pro Se Appearance For Payment Located 500 Pearl Streer Room Cashiers New York New York Zip Code 10007 For Sum Amount 1280 x $500 Trillions US Dollars For Failed To Comply Of Term Provided on Settlement Exhibit Below To Restored My Rights 100% Seal[ ]And Expunged All My Cases From The Department Court Justice System Database For EDC And Further Civil Suit." (ECF 12, at 1.)

leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

The Clerk of Court entered judgment on August 17, 2026, and Plaintiff filed his motion on September 21, 2026, beyond the 28-day deadline. Because Plaintiff failed to file this motion within 28 days of the entry of judgment, the Court denies Plaintiff's motion under Rule. 59(e).

### B. Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 12.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 30, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge